**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

CHRISTOPHER DUGGAN,

                Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, *et al*.,

                Defendants.

2:14–cv–487–JCM–VCF

**ORDER AND**

**REPORT & RECOMMENDATION**

This matter involves *pro se* Plaintiff Christopher Duggan's civil rights action against two unidentified detectives, the Las Vegas Metropolitan Police Department, and Clark County Detention Center for alleged violations of Duggan's fourth and sixth amendment rights. Before the court are Duggan's application to proceed *in forma pauperis* (#1[1]) and complaint (#1-1). For the reasons stated below, the court recommends dismissing Duggan's complaint with leave to amend.

**BACKGROUND**

Duggan is incarcerated in Clark County Detention Center—allegedly illegally. On January 2, 2014, Duggan was walking on Las Vegas Boulevard when he was stopped, searched, and handcuffed. (Compl. (#1-1) at 4). The officers gave no reason for the stop or for placing him under arrest. (*Id*.) They simply searched him, discovered a plastic room-card key for Harrah's Hotel and Casino, stated that it was "illegal" for Duggan to possess the key, and then "booked" him in Clark County Detection Center. (*Id*.)

_____

[1] Parenthetical citations refer to the court's docket.

1

**DISCUSSION**

Duggan's filings present two questions: (1) whether Duggan may proceed *in forma pauperis* under 28 U.S.C. § 1915(e); and (2) whether Duggan's complaint states a plausible claim for violations of his constitutional rights. Each is discussed below.

**I.    Duggan may Proceed *in Forma Pauperis***

Duggan's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Duggan submitted a financial affidavit (#1). According to the affidavit, Duggan has been employed since 2005 and makes approximately $1,280.00 per month. (*Id*.) Duggan's application to proceed *in forma pauperis* is, therefore, granted.

**II.    Whether Duggan's Complaint is Frivolous, Malicious, of Fails to State a Plausible Claim**

Because the court grants Duggan's application to proceed *in forma pauperis*, it must review Duggan's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Duggan's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Hughes v. Rowe*, 449 U.S. 5 (1980).

  *A.    Legal Standards*

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fᴇᴅ. R. Cɪᴠ. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)  states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where an incarcerated *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B.      *Duggan's Complaint should be Dismissed with Leave to Amend*

Duggan's complaint fails to state a plausible claim for relief because its allegations are conclusory and bereft of sufficient factual matter to enable the court to infer that liability is plausible. In total, Duggan's complaint states:

> The wanton infliction of pain and suffering without due cause. Defendants 1 + 2 stopped plaintiff while walking on Las Vegas Blvd in Las Vegas NV and without probable or due cause handcuffed and then searched and then arrested plaintiff in an abuse of authority causing plaintiff to be illegally incarcerated by defendant 3 the Clark County Detention Center.
>
> On 1-2-14 I was walking on L.V. Blvd when detectives stopped me, pulled me to the side and immediately put handcuffs on me and proceeded to do a search of my person without stating why the handcuffed me or were searching my person and then arrested me when they found an old plastic room key to Harrahs Hotel and stated it was illegal for no apparent reason and took me to Clark County Detention Center where I was booked in and detained and the jail became compliant in the illegal search and seizure and detainment.

(Compl. (#1-1) at 4–5). As stated in *Iqbal*, factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *Iqbal*, 556 U.S. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681. Another way of stating this is that the court will not believe Duggan's allegations if Duggan only alleges legal conclusions (i.e., that wanton infliction of pain and suffering was inflicted, that probable cause did not exist, that Duggan was illegally incarcerated, illegally arrested, illegally searched, and illegally stopped).

Under Rule 8, Duggan must do more than allege that Defendants violated his constitutional rights. Rather, he must "show" the court how Defendants violated his rights. To do this, additional facts are required.

Therefore, the court recommends (1) dismissing Duggan's complaint for failing to state a plausible claim, *see Iqbal*, 556 U.S. at 678, and (2) granting Duggan leave to amend his complaint, as required by the Ninth Circuit's decision in *Cato*.

4

ACCORDINGLY, and for good cause shown,

## ORDER

IT IS ORDERED that Plaintiff Christopher Duggan's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Duggan is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

## RECOMMENDATION

IT IS RECOMMENDED that Duggan's complaint be DISMISSED WITH LEAVE TO AMEND. *See Cato*, 70 F.3d at 1106.

IT IS FURTHER RECOMMENDED that, if the court adopts this report and recommendation, a DATE be set by which Duggan's amended complaint is due.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE